UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE GUILLERMO OLIVER
TORRES-MELVIS,

    Petitioner,

v.                                                                       Case No. 8:25-cv-855-WFJ-CPT

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Jose Guillermo Oliver Torres-Melvis is a Florida prisoner serving a 40-year sentence for second-degree murder as well as concurrent 15-year sentences for burglary and grand theft. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as time barred. (Doc. 8). Mr. Torres-Melvis opposes dismissal. (Doc. 9). After careful review, the Court concludes that the petition must be **DISMISSED as time barred**.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. As relevant here, the limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly

filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Mr. Torres-Melvis's convictions were affirmed on direct appeal on March 16, 2016. (Doc. 8-2, Ex. 15). The judgment became final 90 days later, when the time to petition the United States Supreme Court for a writ of certiorari expired. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—June 15, 2016.

The limitation period ran for 363 days until June 13, 2017, when Mr. Torres-Melvis filed a petition alleging ineffective assistance of appellate counsel. (Doc. 8-2, Ex. 16). That filing stopped the clock. *Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 619 (11th Cir. 2019). The petition was denied on March 10, 2025. (Doc. 8-2, Ex. 18). Accordingly, the limitation period remained tolled until March 25, 2025, when the 15-day period to file a motion for rehearing expired. *See King v. Sec'y, Fla. Dep't of Corr.*, No. 16-14160-F, 2017 WL 6760186, at *2 (11th Cir. Jan. 5, 2017) (limitation period remained tolled until expiration of "the 15-day period . . . to file a motion for rehearing" in District Court of Appeal).

The clock resumed the next day. At that point, Mr. Torres-Melvis had two days—or until March 28, 2025—to file his § 2254 petition. He missed the deadline, filing his petition on April 4, 2025. (Doc. 1 at 1, 15). Therefore, this action is untimely.

Mr. Torres-Melvis appears to contend that he is entitled to equitable tolling because he did not receive the order denying his state habeas petition until sometime between

Case 8:25-cv-00855-WFJ-CPT   Document 10   Filed 08/25/25   Page 3 of 5 PageID 265

March 25, 2025, and April 1, 2025.[1] (Doc. 9 at 2). According to Mr. Torres-Melvis, this delay meant that he did not have "an adequate amount of time to properly prepare" his § 2254 petition. (*Id.*)

These allegations are insufficient to warrant equitable tolling. To establish that equitable tolling applies, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must also "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. "As an extraordinary remedy, equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).

Equitable tolling is unwarranted here because Mr. Torres-Melvis did not act with "reasonable diligence" in challenging his convictions. *Holland*, 560 U.S. at 653. Despite his *pro se* status, Mr. Torres-Melvis is "deemed to know of the one-year statute of limitations." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013). As noted above, he waited 363 days to file his state habeas petition. This "lack of diligence" "left him with a precarious [two]-day window in which to ensure his federal petition was filed." *Oliver v.*

---

[1] Mr. Torres-Melvis does not specify the date he received the order denying his state habeas petition. (Doc. 9).

*Cline*, 573 F. App'x 814, 815 (10th Cir. 2014). Mr. Torres-Melvis does not explain why he waited so long to file his state habeas petition. Had he acted sooner on the front end, he would have had enough time on the back end to prepare and file a § 2254 petition. Without any explanation for the nearly year-long delay, this Court cannot find that Mr. Torres-Melvis was "diligent in pursuing his postconviction claims." *Delguidice v. Fla. Dep't of Corr.*, 351 F. App'x 425, 429 (11th Cir. 2009) (no equitable tolling where petitioner "waited until two days before the expiration of [the AEDPA] deadline to file his first Rule 3.850 motion"); *see also Trimble v. Hansen*, 764 F. App'x 721, 726 (10th Cir. 2019) ("[Petitioner] has offered no explanation for delaying his petition for state postconviction relief until two days before the [AEDPA limitation period expired]. Without a compelling explanation for that delay (and he offers none) we cannot credit him with acting diligently in pursuing his rights."); *Betancourt v. Sec'y, Dep't of Corr.*, No. 8:20-cv-709-KKM-CPT, 2023 WL 113051, at *3 (M.D. Fla. Jan. 5, 2023) (declining to grant equitable tolling where petitioner "allowed 362 days, nearly the entire AEDPA limitation period, to elapse before filing his state postconviction motion").[2]

In sum, Mr. Torres-Melvis's lack of diligence precludes the application of equitable tolling. Therefore, the petition is dismissed as time barred.

Accordingly, it is **ORDERED** that:

---

[2] *See also Johnson v. Warden*, 738 F. App'x 1003, 1007 (11th Cir. 2018) ("[E]ven if [petitioner] had diligently pursued his rights during his [state habeas] proceedings, he provides no explanation as to why he waited 264 days after his conviction was final to file his [state habeas] petition in the first place."); *Whitaker v. Comm'r, Ga. Dep't of Corr.*, No. 21-14467-A, 2022 WL 2156663, at *2 (11th Cir. May 3, 2022) ("[W]hile [petitioner] made a conclusory assertion that he pursued his rights diligently, he did not explain why he waited over 11 months to file his state habeas corpus petition, which constituted most of the statute of limitations period.").

1. Mr. Torres-Melvis's petition (Doc. 1) is **DISMISSED as time barred**.

2. The **CLERK** is directed to enter judgment against Mr. Torres-Melvis and to **CLOSE** this case.

3. Mr. Torres-Melvis is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Torres-Melvis must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time barred, Mr. Torres-Melvis cannot satisfy the second prong of the *Slack* test. And because Mr. Torres-Melvis is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on August 25, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE